**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Donald Shaw, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 1767 |
| | ) | |
| Palisades Collection, LLC, a Delaware | ) | |
| limited liability company, Creditors | ) | |
| Interchange Receivable Management, | ) | |
| LLC, a Delaware limited liability company | ) | |
| and Blatt, Hasenmiller, Leibsker & Moore, | ) | |
| LLC, an Illinois limited liability company | ) | |
| | ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Donald Shaw, brings this action under the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection

actions violated the FDCPA, and to recover damages for Defendants' violations of the

FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) one Defendant is headquartered here and all

Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Donald Shaw ("Shaw"), is a citizen of the State of Ohio, from

whom Defendants attempted to collect a delinquent consumer debt owed for a

Providian/Washington Mutual credit card, which was then allegedly owed to a bad debt buyer, Palisades Collection, LLC. These collection actions took place despite the fact that he had told the Defendants that he refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Palisades was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Palisades is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors like Defendants Creditors Interchange Receivable Management, LLC and Blatt, Hasenmiller, Leibsker & Moore, LLC.

6. Defendant, Creditors Interchange Receivable Management, LLC ("CIRM"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CIRM collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

7. Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), is a Illinois limited liability company, and law firm, that is headquartered in Chicago, Illinois. Blatt

acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Blatt was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8.      Defendants Palisades, CIRM and Defendant Blatt are each authorized to conduct business in Illinois and maintain registered agents here, see, record from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all Defendants conduct business in Illinois.

9.      Moreover, Defendants Palisades and CIRM are each licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Palisades and CIRM act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

10.      Mr. Shaw is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Providian/Washington Mutual credit card. At some point in time after that debt became delinquent, Defendant Palisades bought Mr. Shaw's Providian/Washington Mutual debt. When Defendant Palisades began trying to collect this debt from him, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

11.      Specifically, in 2009 Defendant Palisades hired another debt collector, NCO Financial Systems, to demand payment of the Providian/Washington Mutual debt

3

from Mr. Shaw, by sending him a collection letter dated March 5, 2009.  A copy of this letter is attached as Exhibit C.

12.     Accordingly, on March 6, 2009, one of Mr. Shaw's attorneys at LASPD informed Defendant Palisades, in writing, through its agent NCO, that Mr. Shaw was represented by counsel, and directed Defendant Palisades to cease contacting him, and to cease all further collection activities because Mr. Shaw was forced, by his financial circumstances, to refuse to pay his unsecured debt.  A copy of this letter is attached as Exhibit D.

13.     Nonetheless, despite being advised that Mr. Shaw was represented by counsel and refused to pay the debt, Defendant Palisades had Defendant CIRM send Mr. Shaw a collection letter, dated October 1, 2010, which demanded payment of the Providian/Washington Mutual debt.  A copy of this collection letter is attached as Exhibit E.

14.     Accordingly, on November 3, 2010, Mr. Shaw's attorneys at LASPD had to inform Defendants Palisades and CIRM again that they must cease collections and cease communications.  Copies of this letter and fax confirmation are attached as Exhibit F.

15.     Undeterred, Defendant Palisades then had Defendant Blatt send Mr. Shaw a collection letter, dated January 7, 2011, which demanded payment of the Providian/Washington Mutual debt.  A copy of this collection letter is attached as Exhibit G.

16.     Accordingly, on January 12, 2011, Mr. Shaw's attorneys at LASPD had to inform Defendants again that they must cease collections and cease communications.

Copies of this letter and fax confirmation are attached as Exhibit H.

17.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

19.     Plaintiff adopts and realleges ¶¶ 1-18.

20.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

21.     Here, the letters from Mr. Shaw's agent/attorney, LASPD, told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

22.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

23.     Plaintiff adopts and realleges ¶¶ 1-18.

24.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

25.     Defendants knew, or readily could have known, that Mr. Shaw was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that Mr. Shaw was represented by counsel, and had demanded a cessation of communications.  By sending Mr. Shaw collection letters, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

26.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Donald Shaw, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Shaw, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Donald Shaw, demands trial by jury.

Donald Shaw,

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  March 14, 2011

6

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com